Gabriel-Lopez v. Barr
BIA
Ruehle, IJ
A208 179 321/322

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

ARELI GABRIEL-LOPEZ, LEONARDO LOPEZ-GABRIEL,
> *Petitioners,*

v. 

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

18-196
NAC

_____

FOR PETITIONERS:      Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

FOR RESPONDENT:      Joseph H. Hunt, Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Linda Y. Cheng, Trial Attorney, Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Areli Gabriel-Lopez and her son, Leonardo Lopez-Gabriel, natives and citizens of Guatemala, seek review of a December 18, 2017 decision of the BIA affirming a January 27, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Areli Gabriel-Lopez, Leonardo Lopez-Gabriel,* Nos. A208 179 321/322 (B.I.A. Dec. 18, 2017), *aff'g* Nos. A208 179 321/322 (Immig. Ct. Buffalo Jan. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing

2

adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances," a factfinder "may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The agency's adverse credibility finding is supported by substantial evidence.

The agency reasonably relied on multiple inconsistencies in Gabriel-Lopez's testimony, application, and documentary evidence to support the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Gabriel-Lopez was inconsistent about when she fled to Mexico and how long she lived there, whether her former partner had a gun when he looked for her in Mexico, and whether she showed the police an anonymous note she had received. The inconsistencies --

3

which go to the heart of Gabriel-Lopez's claim -- were apparent from the record and to the extent that Gabriel-Lopez explained that she was confused, the agency was not compelled to accept that explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)).

Having questioned Gabriel-Lopez's credibility, the agency reasonably relied on her failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). First, the agency reasonably concluded that the statement from Gabriel-Lopez's mother was from an interested party not subject to cross-examination and that it contradicted Gabriel-Lopez's testimony regarding whether she received threats when she returned to Guatemala. *See Y.C. v. Holder*, 741 F.3d 324, 334

4

(2d Cir. 2013) (holding that "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence" and deferring to agency's decision to afford little weight to spouse's letter because it was unsworn and from an interested witness). Second, the agency was not required to credit the complaint Gabriel-Lopez allegedly filed with the police because of her inconsistent descriptions of the document. *See Y.C.*, 741 F.3d at 332. Third, the agency reasonably relied on the fact that Gabriel-Lopez failed to submit evidence of her alleged relationship with her former partner despite her testimony that they had cohabitated for a year.[1] *See Biao Yang*, 496 F.3d at 273.

Given the inconsistencies identified by the agency and the lack of reliable corroboration, we conclude that the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. That

---

[1] We note that the agency erred in requiring evidence of Gabriel-Lopez's son's paternity because she testified that her partner refused to acknowledge paternity at the time of their son's birth and was never involved in his life. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404 (2d Cir. 2005) (finding it unreasonable to expect a document from an alleged persecutor). Given the other bases for the agency's decision, however, we conclude that remand is not warranted. *See Hong Fei Gao*, 891 F.3d at 82 (noting that remand is warranted in cases where "we cannot confidently predict" that the IJ would have reached same decision).

determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6